UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN, CDCR #T-55834,<br><br>                            Plaintiff,<br><br>vs.<br><br>ASSOCIATE WARDEN; BYRNA E. FLORANCE; WARDEN; NURSE MURUKO; SERGEANT GUEVARA; C.O. MOZ,<br><br>                            Defendants. | Case No.: 3:20-cv-2188-GPC-BLM<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IFP AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

Michael Allen ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

///

///

///

## I. 28 U.S.C. § 1915(g)'s "Three Strikes" Bar

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, 577 U.S. 82, 84, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or fail to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008);

*see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Discussion</u>

The Court has reviewed Plaintiff's Complaint and finds it does not contain any "plausible allegations" which suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Plaintiff claims that he was subjected to medical malpractice at Alvarado Hospital and they discharged him prematurely. (*See* Compl. at 3, 8.) However, he admits he is currently housed at RJD and there are no allegations that he is not currently being treated for his medical issues. His Complaint revolves only around what happened sometime in "early October" when he was admitted to Alvarado Hospital. (*Id.* at 8.) But § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."). Nor may it be based on "overly speculative," "fanciful," or "conclusory assertions." *Cervantes*, 493 F.3d at 1057 n.11; *see also Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager*, 870 F.3d 144, 154 n.12 (3d Cir. 2017) ("Although prison can undoubtedly be a dangerous place, incarceration alone does not satisfy the requirement of "imminent danger of serious

physical injury" for purposes of § 1915(g). Indeed, if it did, every prisoner would be entitled to IFP status and the exception would swallow the rule.") (citation omitted)).

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

Based on a review of its own dockets and other court proceedings available on PACER,[1] the Court finds that Plaintiff Michael Allen also known as Michael Dewayne Allen, and identified as CDCR Inmate #T-55834, has had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Allen v. Social Security Administration*, Civil Case No. 2:11-cv-04253 UA E (C.D. Cal. June 22, 2011) (Order Denying Filing of Complaint without prepayment of full filing fee finding Complaint was frivolous, malicious, or failed to state a claim upon which relief may be granted) (ECF No. 2) (strike one);

2) *Allen v. CSP – Los Angeles Count, et al.,* Civil Case No. 2:12-cv-08338 DMG E (C.D. Cal. Dec. 12, 2012) (Order Dismissing Complaint for failing to state a claim) (ECF No. 7); (C.D. Cal. May 1, 2013) (Order Dismissing Action for failing to file amended pleading) (ECF No. 12) (strike two);

---

[1]  The Court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

3) *Allen v. Masemeno, et al.*, Civil Case No. 2:12-cv-09981-DMG-E (C.D. Cal. Nov. 26, 2013) (Order Dismissing First Amended Complaint for failing to state a claim) (ECF No. 15) (Feb. 20, 2014) (Order Dismissing Action for failing to file amended pleading) (ECF No. 19) (strike three)

Therefore, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed [IFP] is itself a matter of privilege and not right.").

## III. Conclusion and Orders

For the reasons discussed, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 3) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of Court to enter a final judgment and close the file.

**IT IS SO ORDERED**.

Dated: November 23, 2020

Hon. Gonzalo P. Curiel
United States District Judge