UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN, CDCR #T-55834,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ASSOCIATE WARDEN; BYRNA E. FLORANCE; WARDEN; NURSE MURUKO; SGT. GUEVARA; C/O MOZ,<br><br>　　　　　　　　　　　Defendants. | Case No.:  3:20cv2188 GPC (BLM)<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION FOR RECONSIDERATION; AND**<br><br>**(2)   DENYING MOTION TO APPOINT COUNSEL**<br><br>**[ECF Nos. 8, 10]** |

**I.　Procedural History**

Michael Allen ("Plaintiff"), an inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), filed a civil rights action ("Compl.") pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

On November 23, 2020, the Court DENIED Plaintiff's Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g) and DISMISSED the action for failing to pay the initial civil filing fees required by 28 U.S.C. § 1914(a).  (ECF No.  5.)

On December 3, 2020, Plaintiff filed a Motion to Appoint Counsel and on December 15, 2020, Plaintiff filed a Motion for Reconsideration of the Court's November 23, 2020 Order which the Court construes as a motion brought pursuant to Federal Rule of Civil Procedure 60.  (ECF Nos. 8, 10.)

## II.     Motion for Reconsideration

### A.     Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed.R.Civ.P. 60(c).  Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief.  Fed.R.Civ.P. 60(b).

### B.     Plaintiff's Motion

In Plaintiff's Motion, he states that he "needs the Judge's [November 23, 2020] dismissal Order in this case to be thrown out because [he is] still waiting for the trust account here at this prison."  (Pl.'s Mot., ECF No. 10 at 1.)  However, Plaintiff misunderstands or is unaware of the actual basis for the November 23, 2020 Order.  Plaintiff's Motion to Proceed IFP was denied as barred by 28 U.S.C. § 1915(g), it was not denied due to a lack of receiving a trust account statement.   In fact, the Court's docket does reflect that Plaintiff's inmate trust account statement was filed on November 10, 2010, well before the Court issued the November 23, 2020 Order.  (ECF No. 3.)

In the November 23, 2020 Order, the Court denied Plaintiff's Motion to Proceed IFP because the Court found that he had "three prior prisoner civil actions dismissed, on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted." (ECF No. 5 at 4-5.)  Because Plaintiff had accumulated three "strikes" pursuant to 1915(g) and he failed to make any "plausible allegation that he

faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action." (*Id*. at 5.)

A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller Federal Practice & Procedure § 2810.1 (3d ed.) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.").

### III.   Conclusion and Orders

For the reasons explained, the Court:

(1)   **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 10); and

(2)   **DENIES** Plaintiff's "Motion for Appointment of Counsel and Notification to Court of mistake of some Defendants who don't have anything to do with this case" (ECF No. 8) as moot.

**IT IS SO ORDERED**.

Dated:  December 21, 2020

Hon. Gonzalo P. Curiel
United States District Judge